Good morning. Joseph Horace. Joseph Horace Law. I'm here to present a motion for the appellant, Joseph Swisher. I'd like to reserve two minutes for rebuttal, please. This is an appeal from the dismissal of the appellant's 28 years in prison. I have a motion for habeas relief from the District of Columbia. The District Court certified one issue for appeal. That issue is, the question certified is whether the U.S. Supreme Court in U.S. v. Alvarez regarding the Stolen Valor Act, 18 U.S.C. 704-B and 704-C, entitles Mr. Swisher to relief under his conviction under 18 U.S.C. 704-A. Mr. Swisher asks that his conviction be overturned and that he be granted a new trial on the other three counts. False expressive comments receive the same First Amendment protection as the false speech outlined in U.S. v. Alvarez. Can you start with our decision in Perelman, which I found was difficult to distinguish from this case and explain why we're not bound by it? Certainly, Your Honor. Your Honor, for a couple of reasons. First off, there was an amended opinion in Perelman after Alvarez was issued. However, looking to the oral argument under Alvarez, both Justice Kennedy and Justice Ginsburg refer to the wearing of medals, and that's in the transcript of the oral argument, and they both refer to that as pure expression. So if we get to the issue that wearing medals is pure expression, then we can then move to whether that expression should be protected, just like false speech. And so I think the Court can go back and look at what the Supreme Court has said. You know we can't overrule Perelman. So you have to distinguish Perelman, or otherwise we're bound by it, no matter how reasonable and logical your analysis is of Alvarez. Correct, Your Honor. Your Honor, I think there is some distinguishing issues in this case versus Perelman. First off, Your Honor, what was presented at trial by the government was just a picture of Mr. Swisher wearing the medals at a military Marine Corps League event. That was the evidence that was presented. As far as how that's different from Perelman. So I thought Perelman was also there was not very much evidence in Perelman as to what he was doing with the medal, and that we said, well, it was part and parcel of his conspiracy to defraud or his fraudulent efforts to get support, health benefits. Correct, Your Honor. It says there, here it is, Perelman. The government alleged only that Perelman wore a Purple Heart to a national convention of the military Order of the Purple Heart in Las Vegas, Nevada, and he never actually wore the medal in connection with his applications for disability benefits. So that seemed analogous to here, because the government's argument was, in Perelman, was wearing the medal was part and parcel of the overall scheme to obtain benefits. They made the same argument here with respect to Swisher. Your Honor, I think the issue is I don't think the Court can disregard what Justice Kennedy and Ginsburg say in Alvarez. We did already, though, right? Pardon? I mean, didn't Perelman already do what it did? It disregarded whatever it disregarded. But we have Perelman there as a big rock. That's what's binding on us. So is your argument that the Ninth Circuit should take this issue Perelman en banc? Because obviously we can't overrule Perelman. Your Honor, I think that's correct, is that the Court needs to look back at Perelman possibly, and then based on what Alvarez actually stands for, and then utilize that in this case, utilize that in Swisher's case. Well, you know, that's not something we can do, as Judge Ikuda says. But taking Perelman on its terms, I think you're finding Perelman hard to understand, and so am I. But taking it on its terms, Perelman purports to add as an element of this violation that there's an intent to deceive, right? Correct. I'm not sure what that means, aside from, you know, intent to fool people that you really didn't get the Purple Heart. But nevertheless, trying to make something out of that term, intent to deceive, first of all, was there an instruction at trial that the government had to prove intent to deceive? Your Honor, at trial, the instruction given to the jury was one of knowing, which the statute said at the time, 704A said, knowing. The actual instruction given to the jury was an act is done knowingly if the defendant is aware of the act and does not act for ignorance, mistake, or accident. That's just a can-knowing instruction. There was no instruction that the defendant had to act with the intent to deceive. Is that right? Well, that's what the court found in Perelman. No, I'm saying in this case, there was no such instruction given to the jury? There was no such instruction given to the jury. Now, whether or not instruction was given, was there evidence at the trial that could fairly support, if we could figure out what it means, that Swisher had the intent to deceive? Your Honor, I believe the evidence was presented in regards to the medals. Yes. The only one picture, a picture of Mr. Swisher at a Marine Corps League event. A Marine Corps what event? A Marine Corps League event. Oh, the Marine Corps League. Yes, yes. That's where retired Marines get together. And the State or the government utilized that to say that this was an overall part of a scheme to defraud the government and get additional veterans' benefits. But in addition to that, just the wearing of the medals they're saying was the wrongful conduct. So in Perelman, I take it there wasn't any instruction in that case, in the district court case there, about intent to deceive, because the panel just or the court just determined later that that's how they would interpret that statute. Do you know, was there? Your Honor, that's correct. My understanding is the court in Perelman essentially said we are going to read into the statute and read if there is this intent to deceive. And they got that from the knowing part of the statute in 704A was written at the time. And so I believe that's where they utilized the intent to deceive. Our argument, however, is that intent to deceive is immaterial under the Alvarez scheme because the falsity and the false language, and in our case the false expression here, is a content-based issue and it's something that is protected under the First Amendment. Well, you know, going back to Judge Yakuta's point, you're just arguing again, you're just saying Perelman's wrong, right? That's what your argument comes down to. And, you know, we can't bind to that. I mean, we don't have the authority to agree with you on that. Correct, Your Honor. I mean, we have to just, you know, do our best to follow Perelman. That's the reason I ask you these questions about, you know, first of all, what do you think intent to deceive means? Well, Your Honor, I think the intent to deceive, as stated in Perelman, would be the intent to convince others of your right to wear the medals. But that isn't any different than if that's an element of the Swisher offense, it's an element just as well of the Alvarez offense. Yeah. I mean, all that says is, well, you know, you're lying by wearing the medal. Correct, Your Honor. It doesn't add anything. It has to mean something more than that, to add an element to what Alvarez said in order to make this subpart constitution, doesn't it? Well, Your Honor, I believe that it also could be read into 704B as it was written under Alvarez, is that there was the false statement itself, by definition, was an intent to deceive. I'd like to reserve the rest of my time. All right. Thank you. Thank you, Your Honors. I'm Victoria Francis, Counsel for the United States in this proceeding. The Court is correct that Perelman came down after District Court Judge certified that the question to be brought before this Court was whether 704A could be set aside for a facial violation of the Constitution. But then Perelman occurred, and I think Perelman is different. What I hear is this Court is concerned about Perelman, and Perelman points out several things, and the Alvarez decision by the Supreme Court does not speak so strongly as the defendant has asserted. And one is that this is not pure speech. This is not a situation where the Court was facing in 704B, which is a false statement, which is pure speech. It's hard for me to accept that, but I'll stay with you so far. It doesn't make that distinction doesn't make any difference to me. But go ahead. The reason that there is a distinction there is that when you're looking at conduct, equine speech, you have to actually have some evidence in the record to show that. Show what? Well, to show that the expressive intent was something that would be clear, that there was It's hard for me to see why saying, I have a purple, I was awarded a purple heart, and wearing a purple heart in a manner to suggest that I have a purple heart is particularly distinguishable. And the Supreme Court has said, like in wearing the black armband, it's akin to pure speech because it's clearly making a statement. And I guess I also don't see, to follow up on Judge Tejima's question about the intent to deceive language, if I say, I was awarded a purple heart, and it's a lie, and I want you to believe me, that's with an intent to deceive, then how is that different than it's a lie? So help me with that. Well, the difference is that just making a false statement, as the Supreme Court said in Alvarez, although not admirable, is not one of those special protected categories where the Supreme Court has found such as fraud or speech integral to criminal conduct or insanity or defamation. So it doesn't fall into one of those categories. So when the Court in Perlman looks at the term knowingly and said knowingly means with conscious thought that I'm doing something, and it reads that with intent to deceive, it doesn't say if to intend to deceive to get money, but with intent to deceive. Well, what does that mean, intent to deceive? It just means, you know, I intend people to believe I wear a purple heart. How is that different from the Alvarez statement? In this case, the only challenge they could bring is an as-applied challenge, and they haven't brought the challenge that would show that they were wearing it just for expressive purposes. Well, they don't have to show anything. It isn't defended. When they're trying to appeal an as-applied challenge. But my question is, how is adding intent to deceive the way you define it make this case any different from Alvarez? I'm saying that as an as-applied challenge, there is no evidence that they were wearing it for expressive purposes other than intent to deceive. And the United States, in fact, did put in evidence very similar to what was similar in Perelman. What do you mean by, when you say with intent, what do you mean by with intent to deceive? With intent to make people believe that you're entitled to wear the purple heart? Is that what you mean by intent to deceive? These medals were called, the evidence showed, their entire defense was I have the right to wear the medal, not that I was trying to wear it to protest the war or even particularly as a widow would to show honor for her husband. Their evidence was I, in fact, did earn these medals. Right. That's what I say. That's all it means. The United States' overwhelming evidence was that, no, you did not earn these medals. I know. That's all it means. The intent to deceive is the intent that, you know, I have a right to wear this medal. Now, how is that evidence different from the statement in Alvarez? Inextricably intertied. Alvarez made a point of saying this is pure speech. They made a point of bringing up the evidence. Exactly. Now, isn't it pure speech to say I have this medal on, I'm entitled to wear it? It could be a lie, but it's pure speech, isn't it? It's similar to the skit. But it is pure speech, isn't it? No, it isn't pure speech. Well, what is it? It's not pure speech. It's conduct. In conduct, we move to O'Brien, the standards the Supreme Court found in O'Brien. And it's almost similar to Schott, which is the case where they were wearing the uniform. And the thing the Supreme Court was troubled with in Schott was that they went further than just saying you can't wear the uniform, which could lend the public a misunderstanding that you're really a soldier. They went ahead and created an exception that was content-based by saying that actors can, but non-left, if you're going to discredit the military. There is no conduct-based restriction on the 704A, number one. Number two, if we go through the O'Brien elements of, okay, we're looking at conduct, the Court has found, the Supreme Court, broad constitutional power for Congress to act. The first element, ability to honor part of the broad consideration of raising the military, raising this free decor of the military, giving incentive for other people to go, I want to be like the guy who has all these medals. It furthers an important government interest. Again, in Alvarez, they found it furthered an important government interest. But the problem they were finding in Alvarez is that it had to be unrelated to the suppression of free speech. And their reading in Perlman, in addressing that in 704A, was that this knowingly was different than falsely, because it had an intent to deceive. And if it was an incidental restriction in an incidental way. Kennedy, in this case, at the trial, was there an instruction that the government had to prove intent to deceive? No, Your Honor. I brought the instructions with me. Now, isn't that now is that constitutional error? No. You need to directly appeal the jury instruction, number one. And number two, even if that was error, there was overwhelming evidence that at the time, this person goes through years of not claiming to have received these medals, and around the same time that he's trying to get post-traumatic stress disorder, where you need to show combat connectedness, he brings up the false DD-214, which shows he wins, and these aren't just any medals. Well, that's different from wearing a medal at the Marine Corps League. Well, you're wearing a medal at the Marine Corps League. He's not being prosecuted for that DD-214. You're wearing a medal at the Marine Corps League around the same time you're showing up at VA for the group meeting. Well, that doesn't matter. You can wear it at the same time you're in your bathroom looking at the mirror. So what? It's not, you know, that's not intent to deceive the DOD or the VA. It's they – there is no evidence that he was wearing that for the purpose of some expressive power than to deceive. So how does that compare with the conduct in Perlman that the Court found was enough? It's very similar to the conduct in Perlman. Showing up at the convention is similar to showing up at your local Marine Corps League. But didn't Perlman include conduct that was directly, you know, connected with getting the VA benefits? This is at the same time. I would assert this is inextricably intertwined if we were looking at a 404B analysis to the scheme to get the VA to increase the disability benefits for having a combat-related injury. And so this is substantially the facts in Perlman. Oh, that seems pretty far-fetched to me. They're trying to bring an as-applied challenge. And if you're going to bring an as-applied challenge conduct, you know, you can that the – You could almost argue, you could almost argue that if I wore the purple heart on my pajamas when I went to sleep, it's part of my overall conduct to cheat the VA, couldn't you, under your theory? No, but if you wore your purple heart in public at the same time you're trying to get a substantial increase in benefits. Not from the public. Not from the public, from the VA. From the groups. The VA does – there was substantial testimony about how they look at disability benefits. And they go look at corroborating testimony. And did they – was that true? Is there evidence here that they looked at this corroborating testimony? Well, he's wearing a medal, so obviously he's entitled to it. Was that the corroborating evidence the VA considered? Is that in the record? There is not clear evidence that the VA had that someone else said in front of the VA hearing he was wearing his purple heart. But what there is are his buddy testimony, and including the testimony that the defendant put on, of the woman having gone to see medals at his mother's house, and that this was something that existed. And so to create this scheme that I'm really a person who was a combat hero, wearing the medal at the events that people would expect you to receive those, in addition to filing false DV-214s and bringing buddy statements in to the VA, so when VA is starting to investigate and they're seeing, well, is there corroboration for this person's combat story, that becomes integral to the criminal conduct of the scheme, which even if this were pure speech, is a little bit different. Alvarez made a big deal about how important it is to instill admiration for the military. And they made a big deal in pointing out that this, that pure speech is different than conduct. And in this case, there was nothing to indicate that this person was trying to express, as opposed to Brown v. State of Louisiana, where the young men are in the library, and you have a legitimate statute that says you can go ahead and arrest someone if they're trying to incite a breach of the peace, where there is no evidence of breach of the peace. Here we have no evidence that this was meant for any expressive purpose, and that means I'm over time. Please wrap up. They needed to bring an as-applied challenge, and they don't have the evidence to do so. Thank you. In response to the government's explanation of the status, first of all, the status of the law, as it was at the time, 18 U.S.C. 704A, has now been amended. And the term where has been struck from the statute. House Report 113-84 references both Justice Kennedy and Justice Ginsburg in the reason for that, pulling that term from the statute by stating this is likely expressive conduct and enjoys First Amendment protection. The expressive conduct in itself is, and the purpose, is the falsity itself. And although that may be abhorrent to the majority of people, the Supreme Court found in Alvarez that the false speech or the false conduct here, as we would analogize, is the same, and it has some value in society. And so if we're going to restrict that type of content in speech, it must be by the least restrictive means possible. And Justice Ginsburg or the Supreme Court, Justice Kennedy, say that you can do that a couple ways. First of all, the government can create a database of the actual winners. Other, in addition to that, there is true speech, which will combat the false speech and create a situation where there is the possible possibility of correcting the false speech out there for an open and vigorous discussion in society. And we would ask that Mr. Swisher's conviction be overturned and he be granted new trial on his other three counts. Thank you. Thank you. The case of the United States v. Swisher is submitted.
judges: Alarcon, Tashima, Ikuta